**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

---

ARTAURA THOMPSON, as Administratrix
of the Estate of ROBERT THOMPSON,
deceased,

Docket No.:  1:22-cv-2117

            Plaintiff,

**NOTICE OF REMOVAL**

   -against-

UBER TECHNOLOGIES, INC., JOEL
ROSARIO GRULLON and HERMANY,
INC.

           Defendants.

---

**NOTICE OF REMOVAL**

Pursuant to 28 USC §§ 1441(b), 1446, and 1332(a)(1), Defendant Uber Technologies, Inc.,

("Uber") hereby gives notice of the removal of this action, which is currently pending in the

Supreme Court of New York, Bronx County, captioned *Artaura Thompson, as Administratrix of*

*the Estate of Robert Thompson, deceased, v. Uber Technologies, Inc., Joel Rosario Grullon and*

*Hermany, Inc.*, Index No. 802425/2022E, to the United States District Court for the Southern

District of New York. As grounds for removal, Uber states as follows:

1. Uber removes this case on the basis of diversity jurisdiction, on the grounds that there is

complete diversity of citizenship among the properly joined parties to this litigation and the amount

in controversy exceeds $75,000, exclusive of interests and costs. *See* 28 USC §1332(a)(1) ("[t]he

district courts shall have original jurisdiction of all civil actions where the matter in controversy

exceeds the sum or value of $75,000.00 exclusive of interests and costs, and is between citizens of

different states.")

## BACKGROUND

2.      Plaintiff alleges in the Complaint that her decedent was injured in an automobile collision in which her decedent was a "rider" in a vehicle owned, operated and controlled by Uber. Plaintiff further alleges that the operator of the vehicle her decedent was in was an employee of Uber operating within the scope of his employment.   True and correct copies of Plaintiff's Summons and Complaint are attached hereto as **Exhibit "A"**.

3.      Plaintiff claims Plaintiff sustained "severe and permanent personal injuries." **Exhibit A** at ¶   63.   Plaintiff also asserts $1,500,000 in claimed damages.

## TIMELINESS OF REMOVAL

4.      Plaintiff commenced this action on February 15, 2022, by filing a civil Complaint in the Supreme Court of New York, Bronx County, bearing Index No. 802425/2022E.  See **Exhibit A**.  Uber was served on or about February 23, 2022.  Neither Uber, nor any other Defendants, have Answered.

5.      Per 28 U.S.C. § 1446(b), this Notice of Removal is timely as it is being filed within 30 days from the date that the removing Defendant received service of the Complaint. *See* 28 U.S.C. §§ 1441(e), 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (removal period triggered by service).

## DIVERSITY OF CITIZENSHIP

6.      Complete diversity of citizenship exists in this matter because the properly joined Defendant Uber is a citizen of a different state than Plaintiff. *See* 28 USC §1332(a).

7.      Plaintiff alleges that Plaintiff is an individual residing in New York County, New York. Plaintiff is therefore a citizen of New York for diversity purposes.

32780857.v1
32780857.v1

8.      At the time of the filing of the Complaint, Uber Technologies, Inc. was, and still is currently, a corporation formed under the laws of the State of Delaware with its principal place of business located at 1515 3rd Street, San Francisco, CA 94158.  Uber Technologies, Inc. is therefore not a citizen of New York for diversity purposes.

**FRAUDULENT JOINDER OF DEFENDANTS GRULLON AND HERMANY, INC.**

9.      Where, as here, a Defendant is named where there is no possibility that a Plaintiff can state a cause of action against that Defendant, that Defendant is considered a fraudulent joinder for purposes of determining diversity, and subject matter jurisdiction shall exist in the Federal Court provided there is complete diversity of the Plaintiff and the remaining defendants.  *See Whitaker v. American Telecasting, Inc.*, 261 F.3d 196 (2d Cir. 2001) ("Joinder will be considered fraudulent when it is established 'that there can be no recovery [against the defendant] under the law of the state on the cause alleged." *Allied Programs Corp. v. Puritan Ins. Co.*, 592 F.Supp. 1274, 1276 (S.D.N.Y.1984) (citations omitted/brackets in original).

10.      **This does not require proof of fraud, but rather, proof that Plaintiff cannot state a cause of action against a Defendant. Id.**

11.      Here, while it may *initially* appear that defendants Jose Rosario Grullon and Hermany, Inc. defeat diversity, a closer look reveals that these parties were fraudulently joined and should be disregarded for purposes of determining diversity. Plaintiff has been litigating against these same defendants for about two years in a prior lawsuit *Thompson v. Joel Rosario Grullon and Hermany, Inc.*, Bronx County Index No. 25750/2020E (hereinafter "*Thompson I*"). A copy of Plaintiff's Summons and Complaint in *Thompson I* is annexed hereto as **Exhibit B**.

32780857.v1
32780857.v1

12.     Plaintiff's decedent filed *Thompson I* on June 15, 2020[1] against Grullon and Hermany, Inc.  That case has been litigated for almost two years, including the completion of party depositions.

13.     In *Thompson I*, Plaintiff alleges that Grullon and Hermany, Inc. were negligent in their ownership, operation, management, supervision, use and control of a motor vehicle bearing NY License Plate T57392C.  **Exhibit B** at ¶¶ 6, 7, 20-25.  Specifically it is alleged that said vehicle was involved in a collision with Plaintiff's decedent's vehicle.  **Exhibit B** at ¶¶ 22-25.  In the instant action (hereinafter *"Thompson II")*, there are identical allegations made against Grullon and Hermany, Inc.  **Exhibit A** at ¶¶  39-43, 56-62.

14.     Thus, the claims and causes of action asserted against Grullon and HErmany, Inc. in *Thompson II* are entirely duplicative of those asserted in *Thompson I*.

15.     **Hence, it is clear that Grullon and Hermany, Inc. are the same people/entities which were properly served and included in *Thompson I*.**

16.     Further, plaintiff only added these these defendants in *Thompson II* to destroy diversity jurisdiction of the federal court.

17.     Additionally, Grullon and Hermany, Inc. are entitled to dismissal of *Thompson II* under the "prior pending action doctrine," which explains that **a party has no right to maintain two lawsuits against the same parties in the same court at the same time.**  *See Stocking v. Pulvirenti*, 2015 U.S. Dist. LEXIS 83831 at \*2 *citing Curtis v. Citibank, N.A.*, 226 F.3d 133, 135 (2d Cir. 2000).

18.     In addition, the claims against Grullon and Hermany in *Thompson II* are subject to dismissal pursuant to CPLR §3211(a)(4):

---

[1] Artaura Thompson was later substituted as Plaintiff after her decedent passed away.

4

(a) Motion to dismiss cause of action. A party may move for judgment dismissing one or more causes of action asserted against him on the ground that:

4. there is another action pending between the same parties for the same cause of action in a court of any state or the United States; the court need not dismiss upon this ground but may make such order as justice requires.

19.     In other words, **Plaintiff has no right to maintain the *Thompson II* action against Grullon and Hermany, Inc. because those Defendants are already litigating the same exact claims in *Thompson I*; accordingly, their naming as defendants in *Thompson II* can be disregarded as fraudulent joinders here in *Thompson II*.**

20.     Complete diversity of jurisdiction exists in this matter because Uber is a citizen of a different state than the Plaintiff.  See 28 U.S.C. § 1332(a).

21.     Thus, when the fraudulently joined Defendants Grullon and Hermany, Inc. are rightfully disregarded for removal purposes, it is clear that there is complete diversity in *Thompson II* because Plaintiff is a citizen of New York and Uber Technologies, Inc. is not. See 28 U.S.C. § 1332(a)(1).

### AMOUNT IN CONTROVERSY

22.     Based on Plaintiff's allegations, the amount in controversy does exceed the jurisdictional minimum of $75,000 required for diversity jurisdiction pursuant to 28 U.S.C. § 1332.

23.     According to the Complaint, Plaintiff sustained "severe and permanent personal injuries." **Exhibit A** at ¶ 63.

24.     Moreover, where the amount in controversy is not apparent from the pleadings, the Defendants may attach documents outside the pleadings, including "information relating to the amount in controversy in the record of the State proceeding, or in response to discovery" to their removal notice. *See* 28 U.S.C. § 1446(c)(3)(A).

32780857.v1
32780857.v1

25.    Plaintiff's Verified Bill of Particulars, exchanged in *Thompson I*, claims damages in excess of $1,500,000.00.  A copy of the *Thompson I* Verified Bill of Particulars is annexed hereto as **Exhibit C**.

26.    Based upon the above claims for damages in excess of $1,500,000, it is apparent that Plaintiff is claiming damages in excess of the $75,000 amount necessary to establish diversity jurisdiction.

## ALL PROCEDURAL PREREQUISITES TO REMOVAL HAVE BEEN MET

27.    This Honorable United States District Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because this is a civil action in which there is complete diversity of citizenship between Plaintiff and Defendant, and in which the amount in controversy appears to exceed $75,000.00, exclusive of interest and costs, as described herein.

28.    Pursuant to 28 U.S.C. § 1446(a), Uber attaches copies of the all process, pleadings and orders that have been filed, served or received by Uber in the Subject Action to the Index of Attachments.

29.    Therefore, this civil action is removable to this Court pursuant to 28 U.S.C. § 1441.

30.    Pursuant to 28 U.S.C. § 1391, venue is proper in the United States District Court for the Southern District of New York, as the Complaint in this action was filed in the Supreme Court of the State of New York, County of Bronx.

31.    Based on the record submitted with this Notice, this Court has jurisdiction over Plaintiff's claims and the Complaint is properly removed to this Court.

32.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being submitted for filing with the Clerk of the Supreme Court of New York, Kings County, and is being served upon Plaintiff and all parties.

32780857.v1
32780857.v1

33.     Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendant's right to assert any defense or affirmative matter including, without limitation, the defenses of: (1) lack of jurisdiction over the person; (2) insufficiency of service of process; (3) the absence of venue in this Court or in the court from which this action has been removed.

34.     For the foregoing reasons, this United States District Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

**WHEREFORE**, defendant files this Notice of Removal so that this action proceed in the United State District Court for the Southern District of New York for all further proceedings.

Dated: Garden City, New York
       March 15, 2022

Respectfully submitted,

**GOLDBERG SEGALLA LLP**

By:     _____

Derek M. Zisser, Esq.
*Attorneys for Defendant*
*Uber Technologies, Inc.*
**Mailing Address:**
**P.O. Box 780, Buffalo, NY  14201**
Office Location:
200 Garden City Plaza, Suite 520
Garden City, New York 11530
(516) 281-9800
(516) 281-9801 (fax)
dzisser@goldbergsegalla.com
GS File No. 15896.0603

TO:     **SILBOWITZ, GARAFOLA, SILBOWITZ &**
        **SCHATZ, LLP**
        Howard Schatz, Esq.
        *Attorneys for Plaintiff*
        *Artaura Thompson, as Administratrix of the Estate of*
        *Robert Thompson, deceased*

7

32780857.v1
32780857.v1

55 Water Mill Lane, Suite 400
Great Neck, New York  11021
(212) 354-6800
File No.:  202000741

**JOEL ROSARIO GRULLON**
*Defendant*
1669 Grand Avenue, Apt. 4E
Bronx, New York  10453

**HERMANY INC.**
*Defendant*
2144 Hermany Avenue
Bronx, New York  10473

32780857.v1
32780857.v1