EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------------X
ARTAURA THOMPSON, as Administratrix of the Estate of
ROBERT THOMPSON, deceased

                              Plaintiff(s),

   -against-


UBER TECHNOLOGIES, INC., JOEL ROSARIO
GRULLON AND HERMANY INC.



                              Defendant(s).
------------------------------------------------------------------------X

Index No.:
Date Purchased:

**SUMMONS**

Plaintiff designates Bronx
County as the place of trial.

The basis of venue is:
Defendant's Residence

Plaintiffs reside at:
2289 5th Avenue
New York, NY 10037
County of New York

**To the above named Defendants:**

      **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorney(s) within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:      New York, NY
               February 16, 2022

                                                                     _____
                                                    HOWARD SCHATZ
                                                    SILBOWITZ, GARAFOLA, SILBOWITZ &
                                                    SCHATZ LLP
                                                    ATTORNEY FOR PLAINTIFF(S)
                                                    ROBERT THOMPSON
                                                    55 WATER MILL LANE
                                                    SUITE 400
                                                    GREAT NECK, NY 11021
                                                    (212) 354-6800
                                                    Our File No. 202000741

TO:
UBER TECHNOLOGIES, INC.
c/o CT Corporation System
28 Liberty Street
New York, NY 10005

Joel Rosario Grullon
1669 Grand Avenue, Apt. 4E
Bronx, NY 10453

HERMANY INC.
2144 Hermany Avenue
Bronx, NY 10473

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------------------X
ARTAURA THOMPSON, as Administratrix of the
Estate of ROBERT THOMPSON, deceased

Index No.:
Date Purchased:

**VERIFIED COMPLAINT**

Plaintiff(s),

-against-

UBER TECHNOLOGIES, INC., JOEL ROSARIO
GRULLON AND HERMANY INC.

Defendant(s).
------------------------------------------------------------------------X

Plaintiff, by his attorneys, **SILBOWITZ, GARAFOLA, SILBOWITZ & SCHATZ LLP**, complaining of the Defendants, respectfully alleges, upon information and belief:

## PRELIMINARY STATEMENT

1. There are now more **UBER TECHNOLOGIES, INC.** cars on New York City's streets than there are yellow cabs. In practice, defendant **UBER TECHNOLOGIES, INC.** operates as a livery transportation company. It conducts background checks on and interviews its drivers; sets out qualifications and requirements for their employment; unilaterally establishes and, throughout the day, varies the rates they charge passengers; collects the monies earned from fares, and pays the drivers; controls the means and methods by which the drivers perform their tasks; and fires them if they do not receive satisfactory ratings from customers.

2. But unlike other transportation companies, defendant **UBER TECHNOLOGIES, INC.** has gone to extraordinary lengths to abdicate responsibility to the public for the harms caused by its enterprise. It purports to be a "technology company" that licenses a software to drivers. This claim has been concocted for the specific purpose of casting off liabilities and responsibilities that defendant **UBER TECHNOLOGIES, INC.** should

3

properly bear. Plaintiff decedent **RAYMOND MORALES** suffered serious personal injuries as a result of the negligence of a defendant **UBER TECHNOLOGIES, INC.'s** driver. Defendant **UBER TECHNOLOGIES, INC.**, the driver it employed, and the entity that owned the car in question should all be held accountable to him.

### AS FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT

1. At all times herein mentioned, Plaintiff decedent **ROBERT THOMPSON** was, and still is, a resident of the County, City and State of New York.

2. At all times herein mentioned, defendant **UBER TECHNOLOGIES, INC**. was and remains a foreign business corporation, duly organized and existing under the laws of the State of California.

3. At all times herein mentioned, defendant **UBER TECHNOGIES, INC**. was authorized to do business in the State of New York.

4. At all times herein mentioned, defendant **UBER TECHNOLOGIES, INC**. was doing and/or transacting business in the State of New York.

5. Defendant **UBER TECHNOLOGIES, INC**. committed a tort within the State of New York, in the manner set forth herein.

6. That defendant **UBER TECHNOLOGIES, INC**. controls the means and methods of the work performed by its drivers, including, but not limited to, defendant **ABU YOUSUF**, and did so at the time of the subject occurrence of this action.

7. Before being permitted to drive for defendant **UBER TECHNOLOGIES, INC.,** drivers are required to complete **UBER TECHNOLOGIES, INC.**'s application process.

8. This application process requires drivers to provide their license information, information about their vehicle, proof of age in excess of 21 years of age, and their insurance.

9. Before being hired, drivers must pass a background check, a "city knowledge test" administered by defendant **UBER TECHNOLOGIES, INC.**, and attend an interview with a defendant **UBER TECHNOLOGIES, INC.** employee, and must bring their car with them for inspection.

10. Drivers obtain passengers when they are electronically hailed through the defendant **UBER TECHNOLOGIES, INC.** application.

11. Defendant **UBER TECHNOLOGIES, INC.** unilaterally sets a rate schedule, and unilaterally modifies it throughout the day.

12. Defendant **UBER TECHNOLOGIES, INC.** collects payment from the rider and automatically deducts its portion of the payment, before remitting the remainder to the driver.

13. Defendant **UBER TECHNOLOGIES, INC.** prohibits its drivers from answering rider queries about booking future rides outside the **UBER TECHNOLOGIES, INC**. application, or otherwise from soliciting rides from **UBER TECHNOLOGIES, INC.** riders.

14. Defendant **UBER TECHNOLOGIES, INC.** prohibits drivers from providing private business cards to **UBER TECHNOLOGIES, INC.** passengers, and categorizes doing so as a disciplinary issue in its driver handbook.

15. Defendant **UBER TECHNOLOGIES, INC.** provides its drivers with scripts and/or requirements and/or guidelines for how to speak to, and/or interact with, passengers.

16. If a defendant **UBER TECHNOLOGIES, INC.** passenger asks a driver about arranging a pickup, defendant **UBER TECHNOLOGIES, INC.**'s script instructs the driver to tell the passenger to contact **UBER TECHNOLOGIES, INC.** directly.

17. Defendant **UBER TECHNOLOGIES, INC.** encourages drivers and passengers to rate one another.

18. Defendant **UBER TECHNOLOGIES, INC.** terminates drivers based on performance ratings.

19. Defendant **UBER TECHNOLOGIES, INC.** denies passengers access to its drivers, based on ratings passengers receive from drivers.

20. Defendant **UBER TECHNOLOGIES, INC.** instructs its drivers that they are expected to accept all ride requests received while they are on duty.

21. Defendant **UBER TECHNOLOGIES, INC.** instructs drivers that the refusal of too many trips is a performance issue and can be a ground for termination.

22. Defendant **UBER TECHNOLOGIES, INC.** instructs drivers as to what they are to wear while driving for **UBER TECHNOLOGIES, INC.**, and provides other guidance and/or instruction on behavior, appearance of the vehicle, accoutrements to provide to passengers, and/or music to be played on the radio.

23. Defendant **UBER TECHNOLOGIES, INC.** instructs drivers to text passengers when they are 1-2 minutes from a pickup.

24. Defendant **UBER TECHNOLOGIES, INC.** instructs drivers as to how to pick up a customer, including, but not limited to, the side of the street and proper proximity to the customer.

25. Defendant **UBER TECHNOLOGIES, INC.** instructs drivers not to accept additional tips from customers, outside the application itself.

26. Defendant **UBER TECHNOLOGIES, INC.** provides its drivers with iPhones to access its application to drive for it, if the driver does not possess one already.

27. If a customer cancels a trip when the driver is en route, defendant **UBER TECHNOLOGIES, INC.** negotiates the cancellation fee, in its sole discretion, with said customer; the driver does not and cannot.

28. Defendant **UBER TECHNOLOGIES, INC.** provides direction to drivers as to where to make pickups.

29. Defendant **UBER TECHNOLOGIES, INC.** terminates drivers based on performance, including performance evaluations.

30. Defendant **UBER TECHNOLOGIES, INC.** guarantees a minimum salary to drivers who work certain numbers of hours on duty for it.

31. By its strategic claim that it does not employ its drivers, defendant **UBER TECHNOLOGIES, INC.** has sought to evade otherwise applicable requirements of employment and tort law – and in doing so, has reaped substantial profits.

32. By its strategic claim that it does not employ its drivers, defendant **UBER TECHNOLOGIES, INC.** has unlawfully and unfairly been abetted in undercutting the rates charged by licensed, medallion yellow cabs in the City of New York.

33. Defendant **UBER TECHNOLOGIES, INC.** drivers are, in practice, **UBER TECHNOLOGIES, INC.** employees.

34. At all times herein mentioned, Defendant **JOEL ROSARIO GRULLON** was, and still is, a resident of the County of Bronx, State of New York.

35. At all times herein mentioned, Defendant **HERMANY INC.** was and still is a domestic business corporation duly organized and existing under and by virtue of the laws of the State of New York.

36. At all times herein mentioned, Defendant **HERMANY INC.** maintained a principal place of business in the County of Bronx, City and State of New York.

37. At all times herein mentioned, Defendant **HERMANY INC.** was and still is a foreign corporation duly authorized to do business in the State of New York.

38. At all times herein mentioned, Defendant **HERMANY INC.** was the owner of a 2013 Hyundai bearing New York State registration number T757392C.

39. At all times herein mentioned, Defendant **JOEL ROSARIO GRULLON** operated the aforementioned motor vehicle bearing New York State registration number T757392C.

40. At all times herein mentioned, Defendant **JOEL ROSARIO GRULLON** operated the aforementioned motor vehicle with the permission of Defendant **HERMANY INC.**

41. At all times herein mentioned, Defendant **JOEL ROSARIO GRULLON** operated the aforementioned motor vehicle with the knowledge of the Defendant **HERMANY INC.**

42. At all times herein mentioned, Defendant **JOEL ROSARIO GRULLON** operated the aforementioned motor vehicle with the consent of the Defendant **HERMANY INC.**

43. At all times herein mentioned, Defendant **HERMANY INC.** managed the aforesaid motor vehicle.

44. At all times herein mentioned, Defendant **JOEL ROSARIO GRULLON** managed the aforementioned motor vehicle.

45. At all times herein mentioned, Defendant **HERMANY INC.** maintained the aforementioned motor vehicle.

46. At all times herein mentioned, Defendant **JOEL ROSARIO GRULLON** maintained the aforementioned motor vehicle.

47. At all times herein mentioned, Defendant **HERMANY INC.** controlled the aforementioned motor vehicle.

48. At all times herein mentioned, Defendant **JOEL ROSARIO GRULLON** controlled the aforementioned motor vehicle.

49. At all times herein mentioned, Defendant **JOEL ROSARIO GRULLON** operated the aforementioned motor vehicle in the scope of his employment with Defendant **HERMANY INC.**

50. At all times herein mentioned, defendant **UBER TECHNOLOGIES, INC.** operated a 2013 Hyundai bearing New York State registration number T757392C through its employee in fact, defendant **JOEL ROSARIO GRULLON**.

51. At all times herein mentioned, defendant **UBER TECHNOLOGIES, INC.** managed a 2013 Hyundai bearing New York State registration number T757392C through its employee in fact, defendant **JOEL ROSARIO GRULLON**.

52. At all times herein mentioned, defendant **UBER TECHNOLOGIES, INC.** maintained a Hyundai bearing New York State registration number T757392C through its employee in fact, defendant **JOEL ROSARIO GRULLON**.

53. At all times herein mentioned, defendant **UBER TECHNOLOGIES, INC.** controlled a Hyundai bearing New York State registration number T757392C through its employee in fact, defendant **JOEL ROSARIO GRULLON**.

54. At all times herein mentioned, Plaintiff decedent **ROBERT THOMPSON** was the operator of a 2015 Mercedes Benz bearing New York State registration number GXB1044.

55. At all times herein mentioned, Lexington Avenue at or near the intersection of East 126th Street, in the County, City and State of New York, were public roadways, streets and/or thoroughfares.

56. That on June 06, 2019, Plaintiff decedent **ROBERT THOMPSON** was operating his motor vehicle at the aforementioned location.

57. That on June 06, 2019, at the aforementioned location, the motor vehicle owned by **UBER TECHNOLOGIES, INC.** and Defendant **HERMANY INC.** and operated by Defendant **JOEL ROSARIO GRULLON** came into contact with the motor vehicle operated by Plaintiff decedent **ROBERT THOMPSON**.

58. That on June 06, 2019, at the aforementioned location, the motor vehicle owned by Defendant **HERMANY INC.** and operated by Defendant **JOEL ROSARIO GRULLON** came into contact with the motor vehicle operated by Plaintiff **ROBERT THOMPSON**.

59. That on or about June 6, 2019, Defendant **JOEL ROSARIO GRULLON** was operating the aforesaid motor vehicle on Lexington Avenue at/or near the intersection of East 126th Street, in the County, City and State of New York, in the course of his employment with defendant **UBER TECHNOLOGIES, INC**.

60. That as a result of the aforesaid contact, Plaintiff decedent **ROBERT THOMPSON** was injured.

61. That the aforesaid occurrence was caused wholly and solely by reason of the negligence of the Defendant without any fault or negligence on the part of the Plaintiff decedent contributing thereto.

62. That Defendant was negligent, careless and reckless in the ownership, operation, management, maintenance, supervision, use and control of the aforesaid vehicle and the

Defendants were otherwise negligent, careless and reckless under the circumstances then and there prevailing.

63. That by reason of the foregoing, Plaintiff decedent **ROBERT THOMPSON** sustained severe and permanent personal injuries; and Plaintiff **ROBERT THOMPSON** was otherwise damaged.

64. That Plaintiff decedent **ROBERT THOMPSON** sustained serious injuries as defined by §5102(d) of the Insurance Law of the State of New York.

65. That Plaintiff decedent **ROBERT THOMPSON** sustained serious injuries and economic loss greater than basic economic loss as defined by §5104 of the Insurance Law of the State of New York.

66. That Plaintiff **ARTAURA THOMPSON, as Administratrix of the Estate of ROBERT THOMPSON, deceased** is not seeking to recover any damages for which Plaintiff has been reimbursed by no-fault insurance and/or for which no-fault insurance is obligated to reimburse Plaintiff.  Plaintiff is seeking only to recover those damages not recoverable through no-fault insurance under the facts and circumstances in this action.

67. That this action falls within one or more of the exceptions set forth in CPLR §1602.

68. That by reason of the foregoing, Plaintiff decedent **ARTAURA THOMPSON, as Administratrix of the Estate of ROBERT THOMPSON, deceased** has been damaged in a sum that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE**, Plaintiff(s) demand(s) judgment against the Defendants herein, in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated:     New York, NY
            February 16, 2022

Yours, etc.

_____

HOWARD SCHATZ
SILBOWITZ, GARAFOLA,
SILBOWITZ & SCHATZ LLP
ATTORNEY FOR PLAINTIFF(S)
ESTATE OF ROBERT THOMPSON
55 WATER MILL LANE
SUITE 400
GREAT NECK, NY 11021
(212) 354-6800
Our File No. 202000741

## ATTORNEY'S VERIFICATION

HOWARD SCHATZ, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney at SILBOWITZ, GARAFOLA, SILBOWITZ, SCHATZ & FREDERICK, LLP, attorneys of record for Plaintiff(s), **ARTAURA THOMPSON, AS ADMINISTRATRIX OF THE ESTATE OF ROBERT THOMPSON, DECEASED**.  I have read the annexed **COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true.  My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

This verification is made by me because Plaintiff(s) is/are not presently in the county wherein I maintain my offices.

DATED:   New York, NY
         February 16, 2022

_____
HOWARD SCHATZ

Index No.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

---

ARTAURA THOMPSON, as Administratrix of the Estate of ROBERT THOMPSON, deceased

Plaintiff(s),

-against-

UBER TECHNOLOGIES, INC., JOEL ROSARIO GRULLON AND HERMANY INC.

Defendant(s).

---

**SUMMONS AND VERIFIED COMPLAINT**

---

**Silbowitz, Garafola, Silbowitz & Schatz LLP**
*Attorneys for Plaintiff(s)*
**55 Water Mill Lane, Suite 400
Great, NY 11021
(212) 354-6800**

---

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon, information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

Dated: February 16, 2022

Signature_____
Howard Schatz

14